IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES D. LEWIS, | ) | |
| No. B52327, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 13-cv-01339-MJR |
| | ) | |
| UNKNOWN PARTIES, | ) | |
| LOUIS SHICKER, | ) | |
| RICHARD MATTICK, | ) | |
| S.A. GODINEZ, | ) | |
| DEPUTY DIRECTOR STOCK, | ) | |
| WARDEN OF CENTRALIA | ) | |
| CORRECTIONAL CENTER, and | ) | |
| BOSWELL PHARMACY SERVICES, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff James D. Lewis is in the custody of the Illinois Department of Corrections ("IDOC"), currently incarcerated at Menard Correctional Center. Plaintiff has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, asserting claims that revolve around unspecified medications and his mattress, both of which are causing him physical injuries. Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") in this case, without prepayment of the Court's usual $400.00 filing fee (Doc. 2). *See* 28 U.S.C. § 1914(a).

## Pauper Status

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. However, 28 U.S.C. § 1915(g), presents a preliminary hurdle that Plaintiff must clear before that threshold review can be undertaken.

A federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action ... and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).  In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6–month period immediately preceding the filing of the complaint ..., obtained from the appropriate official of each prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).

In this case, Plaintiff Lewis has tendered an affidavit of indigence that is sufficient as to form and which indicates he is indigent, but this is not the end of the matter because 28 U.S.C. § 1915 further provides:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Court documents are, of course, public records of which the Court can take judicial notice.  *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994).  Review of documents filed in the electronic docket of this Court, and on the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov), discloses that Lewis has already had three other cases dismissed as frivolous or for failure to state a claim upon which relief may be granted.  *See Lewis v. Dart*, Civil No. 10-cv-4247 (N.D. Ill. July 22, 2010); *Lewis v. Alvarez, et al*, Civil No. 10-cv-4540 (N.D. Ill. July 29, 2010); *Lewis v. State of Illinois*, Civil No. 12-

cv-1023 (N.D. Ill. June 27, 2012) (Plaintiff was advised that this strike was his third). Because Plaintiff has three "strikes" for purposes of Section 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The three strikes rule will not come as news to Plaintiff. Most recently, his case *Lewis v. Funk*, No. 13-cv-546 (S.D. Ill. Aug. 26, 2013), was dismissed under Section 1915(g) after he was denied leave to proceed as a pauper and he subsequently failed to pay the filing fee. A subsequent appeal was dismissed (*Lewis v. Funk*, No. 13-3259 (7th Cir. Oct. 16, 2013)), leaving Plaintiff to pay the $400.00 district court filing fee, *and* the $455.00 appellate filing fee.

In the present case, Lewis has failed to disclose his litigation history in either his complaint or his motion for leave to proceed IFP. A plaintiff's failure to disclose his litigation history, particularly when he seeks to proceed as a pauper, may be grounds for immediate dismissal of the suit. *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (termination of the suit is an appropriate sanction for struck-out prisoner who took advantage of court's oversight and was granted leave to proceed IFP); *Sloan v. Lesza,* 181 F.3d 857, 858–59 (7th Cir. 1999) (litigant who sought and obtained leave to proceed IFP without disclosing his three-strike status committed a fraud upon the court); *see also Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (dismissal with prejudice appropriate where Court-issued complaint form clearly warned Plaintiff that failure to provide litigation history would result in dismissal).

The complaint is not on the standard form, which requires the plaintiff's litigation history and warns that summary dismissal may result if the litigation history is not provided. Therefore, the Court will give Lewis the benefit of the doubt and not dismiss his case for this omission—even though he clearly was aware of the three strikes rule from *Lewis v. Funk*, No. 13-cv-546 (S.D. Ill. Aug. 26, 2013).

In any event, because Plaintiff has three strikes for purposes of Section 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury. The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan,* 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *AbdulWadood v. Nathan,* 91 F.3d 1023 (7th Cir. 1996)).

According to the complaint (Doc. 1, p. 5), historically, Plaintiff was shot in the head and back, just avoiding paralysis. As a result, he suffers from "chronic illnesses and serious pain," "seizures, etc." While housed at numerous prisons, Lewis has complained about his "serious back pains, rashes, seizures and etc. on 1/8/2012, 2/4/2012 [.]" At present, Plaintiff's "flat filthy nasty" mattress offers inadequate support, causing his "spinal cord and lower back to lockup," making it hard for him to move around. Plaintiff asserts that the mattress could cause him to become paralyzed. In addition, unspecified generic medications "are making Plaintiff['s] feces red, which is causing him serious pain within his body parts."

As recognized in *Ciarpaglini v. Saini*, 352 F.3d at 330-31, "[f]requent filers sometimes allege that they are in imminent danger so they can avoid paying a filing fee," but *pro se* pleadings must be liberally construed. Moreover, at this juncture, all factual allegations must

be accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, in light of Plaintiff's prior back injuries, the Court considers the alleged "serious back pain" sufficient to trigger the exception to the three strikes rule. Also, Plaintiff's "red" feces—which could be blood—will also be deemed an imminent serious injury for purposes of Section 1915(g).[1]

Although Plaintiff's motion to proceed IFP (Doc. 2) will be granted by separate order, the complaint must still undergo preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that

---

[1] In *Lewis v. Funk*, No. 13-cv-546, Doc. 5 (S.D. Ill. Aug. 26, 2013), Lewis's mere assertion that he had "been in a lot of pain" was not deemed an imminent serious injury.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

As already discussed, the "statement of facts" in the complaint alleges that Plaintiff's "flat filthy nasty" mattress offers inadequate support, causing his "spinal cord and lower back to lockup," making it hard for him to move around. Plaintiff asserts that the mattress could cause him to become paralyzed. Furthermore, unspecified generic medications "are making Plaintiff['s] feces red, which is causing him serious pain within his body parts." Plaintiff has asked unknown Wexford Healthcare employees and unknown IDOC officers for a new mattress (a double mattress or foam mattress), therapy, and x-rays—all to no avail.

In addition, the "description of the parties" contains allegations against each defendant, which are summarized as follows:

- The president and vice president of Wexford Healthcare, Inc., and other unknown employees, contracted with the government to provide "healthy medications" and to adequately train Wexford employees. However, these Wexford employees have "turned a blind eye" to the possibility that generic medications can cause harm and adverse side effects, as Plaintiff has experienced.

- Dr. Louis Shicker, medical director of the IDOC, is responsible for overseeing Wexford and IDOC employees to ensure healthy, safe protocols are followed.  However, Shicker is aware of facts about misconduct and has failed to investigate the serious harms the mattresses and generic medications are causing.

- Richard Mattick, the IDOC's regional medical director, is responsible for overseeing Wexford and IDOC employees to ensure healthy, safe protocols are followed.  However, Mattick is aware of facts about misconduct and has failed to investigate the serious harms the mattresses and generic medications are causing.

- S.A. Godinez, director of the IDOC, oversees the entire IDOC and its medical contracts, which certify that the generic medications will not cause problems, and the mattresses will not cause back injuries when they are old, filthy and damaged.  Godinez and his employees have turned a blind eye toward the situation.

- IDOC Deputy Director Stock oversees the entire IDOC and its medical contracts, which certify that the generic medications will not cause problems, and the mattresses will not cause back injuries when old filthy and damaged.  Stock and his employees have turned a blind eye toward the situation.

- The Warden of Centralia Correctional Center oversees the prison, which manufactures and distributes mattresses to IDOC facilities.  The Warden certifies to the government that the mattresses will not cause back injuries when old filthy and damaged.  The warden is turning a blind eye to the situation because there are no instructions regarding when a mattress should be replaced.

- Unidentified employees of Centralia Correctional Industries, who make the mattresses used at IDOC facilities and certifies to the government that he mattresses will not cause back injuries when old filthy and damaged.  Centralia Correctional Industries is turning a blind eye to the situation because there are no instructions regarding when a mattress should be replaced.

- Boswell Pharmacy Services is aware that its generic medications do not come with labeling regarding side effects, such as stomach bleeding or brain injuries.  Boswell Pharmacy Services is turning a blind eye to the situation.

- All defendants acted with deliberate indifference and the intent to inflict cruel and unusual punishment.

Furthermore, a "preliminary statement" alleges a conspiracy to obstruct justice with the intent to deny Plaintiff the equal protection of the law, and equal privileges.

## Discussion

Under 42 U.S.C. § 1983, a plaintiff may bring a cause of action based on a deprivation of constitutional rights resulting from state action. *See, e.g., Padula v. Leimbach,* 656 F.3d 595, 600 (7th Cir. 2011). The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, Section 1983 liability is generally premised upon the personal involvement of a defendant in the constitutional violation. *See, e.g., Walker v. Rowe,* 791 F.2d 507, 508 (7th Cir. 1986); *Duckworth v. Franzen,* 780 F.2d 645, 650 (7th Cir. 1985). Put succinctly, because Plaintiff Lewis attempts to frame his medication and mattress issues as a systemic problem, his complaint is fatally flawed.

As a preliminary matter, the conspiracy allegation is conclusory and insufficient under the *Twombly* pleading standard. "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dep't,* 636 F.3d 293, 304–05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet*

*Police Dep't,* 197 F.3d 256, 263 (7th Cir.1999)).  "[C]onspiracy is not an independent basis of liability in [Section] 1983 actions."  *Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008).  The complaint does not suggest a meeting of the minds.  To the contrary, each defendant's alleged participation is set forth.  Supervisory responsibility and contracts for mattresses and pharmacy services do not reasonably suggest an agreement to deny Plaintiff's constitutional rights.  Therefore, the conspiracy claim must be dismissed with prejudice.

Wexford Health Care Sources, Inc., a corporation, cannot be held liable for its employees' constitutional violations simply because it is the employer.  However, Wexford can be liable if Plaintiff's harm is caused by its unconstitutional policy or practice.  *See Woodward v. Correctional Medical Services of Illinois, Inc.,* 368 F.3d 917 (7th Cir. 2004); *Maniscalco v. Simon,* 712 F.3d 1139, 1145 (7th Cir. 2013) (no *respondeat superior* liability for private corporation).  Plaintiff has sued the president and vice president of Wexford, as well as unknown Wexford employees.  The complaint essentially asserts that, because Wexford has contracted to provide adequate and proper medical care to inmates, and Plaintiff has not received adequate medical care and/or medications, Wexford should be liable.  The fact that a contract may have been violated does not automatically mean that the Eighth Amendment standard has been violated.  At best, that allegation suggests corporate or individual negligence, neither of which is actionable under Section 1983.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986).  The assertion that Wexford employees have turned a blind eye to Plaintiff's situation is conclusory and insufficient to state a claim under the *Twombly* standard.  This claim against unidentified Wexford officials and employees will be dismissed with prejudice, as there is nothing to reasonably suggest a basis for an Eighth Amendment claim.

Similarly, the claims against IDOC Director S.A. Godinez, Deputy Director Stock, Medical Director Dr. Louis Shicker and Regional Medical Director Richard Mattick will all be dismissed with prejudice.  These four officials have been named as defendants because of their supervisory roles, not because of their personal involvement in the distribution of medication to Plaintiff and the failure to replace Plaintiff's mattress.  Again, the *respondeat superior* doctrine is inapplicable to Section 1983 actions.  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  The Court further notes that merely knowing about a constitutional violation and failing to cure it is generally insufficient; only persons who cause or participate in the violations are responsible. *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005); *see also Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006), overruled on other grounds, *Hill v. Tangherlini*, 724 F.3d 965, 967 n. 1 (7th Cir. 2013).  Plaintiff's bald, boilerplate assertions that these officials knew of Plaintiff's situation and turned a blind eye do not satisfy the *Twombly* pleading standard.  Dismissal will again be with prejudice because there is nothing to reasonably suggest a basis for an Eighth Amendment claim.

Warden Stock, the chief administrative officer of Centralia, the prison that manufactures the mattresses, cannot be liable under Section 1983 merely based on supervisory liability.  Plaintiff only offers an allegation that Stock has turned a blind eye to mattresses that are not replaced when they become old, filthy and damaged.  There is nothing to suggest that Stock is responsible for anything other than the manufacturing operation.  Furthermore, it is frivolous to argue that Warden Stock is responsible for mattresses becoming old, filthy and damaged.  The sort of product liability Plaintiff is suggesting is a form of negligence, which is not actionable under Section 1983.  The unidentified employees of Centralia Correctional

Industries, who manufacture the mattresses, must also be dismissed for similar reasons. Any omission of instructions regarding when a mattress should be replaced is nothing more than a negligence claim. For these reasons, the claims against Warden Stock and the employees of Centralia Correctional Industries will be dismissed with prejudice.

Like Wexford Healthcare, Inc., Boswell Pharmacy Services cannot be held liable for its employees' constitutional violations simply because it is the employer. However, Boswell can be liable if Plaintiff's harm is caused by its unconstitutional policy or practice. *See Woodward*, 368 F.3d 917; *Maniscalco,* 712 F.3d at 1145. Plaintiff offers only an unsupported, conclusory allegation that Boswell is aware its generic medications do not come with labeling regarding side effects. Even if this were true, the complaint itself indicates that Wexford employees and IDOC staff prescribe and distribute the medication to Plaintiff, not Boswell Pharmacy Services. There is no reasonable causal link between Boswell and Plaintiff's side effects. Any failure to properly label medications distributed by Boswell would amount to nothing more than negligence, which is not actionable under Section 1983. This claim will be dismissed with prejudice.

Lastly, Plaintiff asserts that he has been denied equal protection and privileges. Although a "class-of-one" equal protection claim is cognizable under the Fourteenth Amendment (*see Swanson v. City of Chetek*, 719 F.3d 780, 783-84 (7th Cir. 2013)), this assertion is insufficient to state a claim. The complaint does not suggest that Plaintiff was singled out to be treated differently than any other similarly situated inmate. This claim will be dismissed with prejudice because, as already explained, each defendant has been named under a theory of *respondeat superior*, and the complaint is devoid of allegations of individual involvement.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, all claims against all defendants are **DISMISSED** with prejudice, and the complaint is **DISMISSED** with prejudice. Judgment shall enter accordingly and this case shall be closed.

The dismissal of the complaint shall count as another **STRIKE** for purposes of 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that the Court of Appeals for the Seventh Circuit has clearly instructed that when a prisoner who is ineligible to continue litigating under Section 1915(g) continues to file suits without paying the necessary filing fee, a filing bar is an appropriate solution. *See Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). *See also Ammons v. Gerlinger*, 547 F.3d 724, 726 (7th Cir. 2008). Although all claims have been dismissed with prejudice, because Plaintiff was attempting to address potentially serious medical needs, the Court will exercise its discretion and not institute a filing ban. However, the Court is not apt to be as forgiving in the future.

**IT IS SO ORDERED.**

**DATED: January 22, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**